Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WEBER, an individual, ) | Case No.:     '17 CV 1902 GPC KSC |
| ) | |
| Plaintiff, ) | **COMPLAINT AND DEMAND FOR** |
| ) | **JURY TRIAL** |
| v. ) | |
| ) | |
| NAVIENT SOLUTIONS, INC., a ) | |
| corporation; EXPERIAN ) | |
| INFORMATION SOLUTIONS, INC., ) | |
| a corporation; EQUIFAX ) | |
| INFORMATION SERVICES, LLC; a ) | |
| limited liability company; TRANS ) | |
| UNION LLC, a limited liability ) | |
| company and DOES 1 through 10 ) | |
| inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer against Defendants for: violations of the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") which prohibits debt collectors from engaging in abusive, deceptive, and

1  unfair practices; for violation of the California Consumer Credit Reporting Agencies Act,

2  Civil Code §1785.1 *et seq.* ("CCRAA") and the Fair Credit Reporting Act, 15 U.S.C. §1681

3  *et seq.* ("FCRA") both of which prohibit unlawful credit reporting; for violation of the

4  Identity Theft Act, Civil Code §1798.92 *et seq.*; for invasion of privacy and violation of the

5  Telephone Consumer Privacy Act ("TCPA").

6  ## II.  PARTIES

7       2.     Plaintiff BRIAN WEBER is a natural person residing in San Diego County,

8  California.

9       3.     Defendant NAVIENT SOLUTIONS, INC.  ("Navient") at all times relevant was

10  a corporation doing business of collecting debts in San Diego County, California operating

11  from an address at 2001 Edmund Halley Drive, Reston, VA 20191..

12       4.     Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") at

13  all times relevant was a corporation doing business in Los Angeles County, California

14  operating from an address at 475 ANTON BLVD., COSTA MESA, CA 92626.  Experian is

15  a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged

16  in the business of assembling, evaluating, and disbursing information concerning consumers

17  for the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third

18  parties. Experian disburses such consumer reports to third parties under contract for

19  monetary compensation.

20       5.     Defendant EQUIFAX INFORMATION SERVICES, LLC ("Equifax") at all

21  times relevant was a limited liability company doing business in Los Angeles County,

22  California operating from an address at 1550 PEACHTREE STREET NW, H46,

23  ATLANTA, GA 30309.  Equifax is a "consumer reporting agency" as defined by 15 U.S.C.

24  §1681a(f) and is regularly engaged in the business of assembling, evaluating, and disbursing

25  information concerning consumers for the purposes of furnishing consumer reports, as

26  defined in 15 U.S.C. §1681a(d) to third parties. Equifax disburses such consumer reports to

27  third parties under contract for monetary compensation.

28       6.     Defendant TRANS UNION LLC ("Trans Union") at all times relevant was

COMPLAINT AND DEMAND FOR JURY TRIAL

1  a limited liability corporation doing business in Los Angeles County, California operating

2  from an address at 555 W ADAMS ST., CHICAGO, IL 60661. Trans Union is a "consumer

3  reporting agency" as defined by 15 U.S.C. §1681a(f) and is regularly engaged in the

4  business of assembling, evaluating, and disbursing information concerning consumers for

5  the purposes of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third

6  parties. Trans Union disburses such consumer reports to third parties under contract for

7  monetary compensation.

8      7.      Navient is regularly engaged in the collection of debts from consumers using the

9  mail and telephone.  Navient regularly attempts to collect consumer debts alleged to be due.

10  Navient is a "debt collector" as defined by the Rosenthal Act, California Civil Code

11  §1788.2(c).

12      8.      Plaintiff is an alleged "debtor" as defined by the Rosenthal Act, California Civil

13  Code §1788.2(h).

14      9.      The purported debt which Navient attempted to collect from Plaintiff was a

15  "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

16      10.     Navient is a "claimant" as defined under the Identity Theft Act, Civ. Code §

17  1798.92(a).

18      11.     Plaintiff is a "victim of identity theft" as defined by Civ. Code §1798.92(d).

19      12.     The true names and capacities, whether individual, corporate (including officers

20  and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through

21  10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such

22  fictitious names.  Plaintiff is informed and believes, and alleges that each Defendant

23  designated as a DOE is involved in or is in some manner responsible as a principal,

24  beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or

25  otherwise, for the agreements, transactions, events and/or acts hereinafter described, and

26  thereby proximately caused injuries and damages to Plaintiff.  Plaintiff requests that when the

27  true names and capacities of these DOE Defendants are ascertained, they may be inserted in

28  all subsequent proceedings, and that this action may proceed against them under their true

COMPLAINT AND DEMAND FOR JURY TRIAL

1  names.

2      13.      Venue in this District is proper in that the Defendants transact business here and

3  the Plaintiff resides here.

4  <h3 style="text-align:center">III.  FACTUAL ALLEGATIONS</h3>

5      14.      An individual applied and received a student loan using Plaintiff's name as a co-

6  signor without Plaintiff's knowledge or authorization.

7      15.      The individual fraudulently forged Plaintiff's signature and had no authorization

8  to do so.  Plaintiff received no benefit, service, or good as a result of the forgery.

9      16.      The loan was obtained as a result of identity theft as Plaintiff did not authorize

10  anyone to obtain the loan under his name or as a co-signor.

11      17.      After discovering the unauthorized loan, Plaintiff contacted Navient and

12  explained that he was a victim of identity theft and not responsible for the payment of the

13  loan.

14      18.      Plaintiff filed a police report with a police department, alleging identity theft

15  related to the loan.

16      19.      In addition to Plaintiff's verbal notice of identity theft and the filing of a police

17  report, Plaintiff provided Navient written notice that a situation of identity theft existed.  The

18  written notice provided to Navient contained an identity theft affidavit, statement of facts,

19  identity documentation, police report, signature documentation, and original loan

20  applications.

21      20.      After Navient received Plaintiff's documentation, it failed to conduct a

22  reasonable investigation.

23      21.      Defendant refused to timely rectify the identity theft situation.

24      22.      Defendant continued its collection efforts, irrespective of the identify theft, and

25  is now charging additional late fees and interest thereby increasing the amount of the Debt.

26      23.      Navient reported to Experian, Equifax, and Trans Union, the credit reporting

27  agencies ("CRAs") that the balance on the loan was past due and belonged to Plaintiff.

28  Navient knew or should have known that this report was not accurate.

COMPLAINT AND DEMAND FOR JURY TRIAL

24.     Plaintiff disputed the inaccurate credit reporting directly with Navient and the CRAs.

25.     The CRAs conveyed Plaintiff's dispute to Navient.

26.     Both the CRAs and Navient failed to conduct a reasonable investigation into Plaintiff's credit reporting disputes and continued to report the debt to Plaintiff's credit file.

27.     The CRAs negligently produced consumer reports with respect to Plaintiff's credit that contain the false information.

28.     The CRAs further negligently failed to maintain reasonable procedures designed to avoid the reporting of the false information.

29.     Navient frequently called Plaintiff to collect the Debt, on a daily basis at times.

30.     Plaintiff received multiple calls a day and the calls rose to the level of harassment.

31.     The calls were made to Plaintiff's cell phone via an automated dialer and/or recorded voice.

32.     As a result of Defendants' actions Plaintiff suffered emotional distress and damage to his credit worthiness.

## IV.  FIRST CLAIM FOR RELIEF

### (Against Navient and Does 1-5 for Violation of the Rosenthal Act)

33.     Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

34.     Defendants violated the Rosenthal Act, by including but not limited to, the following:

(a)     The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

(b)     The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the

COMPLAINT AND DEMAND FOR JURY TRIAL

1    circumstances;

2    (c)    Defendants violated California Civil Code §1788.17 by failing to comply

3    with 15 U.S.C. § 1692d by engaging in conduct the natural consequence

4    of which is to harass, oppress, or abuse Plaintiff in connection with the

5    collection of the alleged debt;

6    (d)    Defendants violated California Civil Code §1788.17 by failing to comply

7    with 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a

8    person in telephone conversations repeatedly with the intent to harass,

9    oppress, and abuse the Plaintiff in connection with the collection of the

10    Debt;

11    (e)    Defendants violated California Civil Code §1788.17 by failing to comply

12    with 15 U.S.C. § 1692e by using false, deceptive, or misleading

13    representations or means in connection with the collection of a debt;

14    (f)    Defendants violated California Civil Code §1788.17 by failing to comply

15    with 15 U.S.C. § 1692e(2)(A) by giving the false impression of the

16    character, amount or legal status of the alleged debt;

17    (g)    Defendants violated California Civil Code §1788.17 by failing to comply

18    with 15 U.S.C. § 1692e(8) by communicating or threatening to

19    communicate credit information which is known or which should be

20    known to be false, including the failure to communicate that a disputed

21    debt is disputed;

22    (h)    Defendants violated California Civil Code §1788.17 by failing to comply

23    with15 U.S.C. § 1692(f) by using unfair or unconscionable means to

24    collect or attempt to collect a debt;

25    (i)    Defendants violated California Civil Code §1788.17 by failing to comply

26    with 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not

27    authorized by the agreement that created the debt or permitted by law; and

28    (j)    The Defendants violated California Civil Code §1788.18 by failing to

cease collection activities until Defendants made a good faith determination regarding Plaintiff's claims of identity theft.

35.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the debt.

36.    As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

37.    Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## V.  SECOND CLAIM FOR RELIEF

### (Against Navient and Does 1-5 for Violation of the Identity Theft Act)

38.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

39.    Plaintiff is a victim of identity theft.

40.    Plaintiff provided written notice to Defendants that a situation of identity theft may exist more than 30 days prior to the filing of this action.

41.    Defendants failed to diligently investigate the Plaintiff's notification of a possible identity theft.

42.    Defendants continued to pursue their claim against Plaintiff after Plaintiff presented facts pertaining to the identity theft.

43.    Defendants are in violation of Civ. Code § 1798.92 *et seq.*

44.    As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

45.    Defendants are liable to Plaintiff for a declaratory judgment, actual damages, attorney's fees, costs, equitable relief, and a civil penalty pursuant to Civ. Code § 1798.92 *et seq.*

//

//

## VI.  THIRD CLAIM FOR RELIEF

**(Against Navient and Does 1-5 for Invasion of Privacy: Intrusion Into Private Affairs)**

46.  Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

47.  Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, and private concerns and affairs.

48.  Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion, and private affairs by repeatedly and unlawfully attempting to collect a debt.

49.  Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

50.  As a result of such invasions of privacy, Plaintiff was harmed and caused emotional distress.

51.  Defendants acted with oppression and/or or malice.  Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

## VII.  FOURTH CLAIM FOR RELIEF

**(Against Navient and Does 1-5 for Violation of the TCPA)**

52.  Plaintiff repeats, reallages and incorporates by reference all of the foregoing paragraphs.

53.  Defendants improperly invaded the privacy rights of Plaintiff and violated the TCPA by the above-described actions.  Defendants' violations include, but are not limited to, the following:

(a)  By repeatedly making calls, and by transmitting prerecorded or artificial messages, to the Plaintiff's cell phone using an automated telephone system without Plaintiff's express consent, Defendant engaged in conduct which violated 47 U.S.C. §227(b)(1)(A)(iii).

54.  As a result of the above violations of the TCPA, Defendant is liable to the Plaintiff for declaratory judgment that Defendants conduct violated the TCPA, Plaintiff's actual damages, statutory damages of $500 for each call, and up to three times statutory

1    damages for willful and knowing violations pursuant to 47 U.S.C. §227(b)(3).

## VIII.   FIFTH CLAIM FOR RELIEF

### (Against All Defendants for Violations of the FCRA)

55.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

56.    The CRAs violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

57.    The CRAs violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; and by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file.

58.    Navient violated 15 U.S.C. §1681s-2(b) by furnishing the false information after Plaintiff's disputes; by failing to fully and properly investigate Plaintiff's disputes; by failing to review all relevant information regarding same; by failing to accurately respond to the CRAs; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the false information to CRAs.

59.    The Defendants' unlawful conduct damaged Plaintiff as referenced above.

60.    The Defendants' unlawful conduct was willful.

61.    Plaintiff is entitled to recover damages under 15 U.S.C. §§1681n and/or 1681o.

62.    Plaintiff is further entitled to recover costs and attorneys' fees from Defendants pursuant to 15 U.S.C. §§1681n and/or 1681o.

## IX.    SIXTH CLAIM FOR RELIEF

### (Against All Defendants for Violation of the CCRAA)

63.    Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

64.    Defendants violated the CCRAA, by including but not limited to, the following:

(a)    The CRAs violated California Civil Code §1785.14(b) by failing to follow

COMPLAINT AND DEMAND FOR JURY TRIAL

1

2

reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff;

3

4

5

6

(b)     The CRAs violated California Civil Code §1785.16 by failing to conduct a reasonable reinvestigation to determine whether the dispute information is inaccurate and record the current status of the disputed information or delete the item from the file; and

7

8

9

10

(c)     Navient violated California Civil Code §1785.25(a) by furnishing information on a specific transaction or experience to a consumer credit reporting agency that the Defendants knew or should have known was incomplete or inaccurate.

11

12

65.     Defendants' acts as described above were done negligently and/or intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

13

14

66.     As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

15

16

17

67.     Defendants' violations were willful and knowing.  Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1785.31.

18

19

20

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

21

(a)     Actual damages;

22

(b)     Statutory damages pursuant to the Rosenthal Act, CCRAA, FCRA and TCPA;

23

24

(c)     Costs and reasonable attorney's fees pursuant to the Rosenthal Act, CCRAA, FCRA and TCPA;

25

(d)     Punitive damages;

26

27

(e)     A declaration that Plaintiff is not obligated to Navient on the Account pursuant to Civ. Code §1798.92(c)(1);

28

(f)     A declaration that any security interest or other interest Navient had purportedly

COMPLAINT AND DEMAND FOR JURY TRIAL

1    obtained in the Plaintiff's property in connection with that claim is void and

2    unenforceable pursuant to Civ. Code §1798.92(c)(2);

3    (g)    An injunction restraining Navient from collecting or attempting to collect from

4    the Plaintiff on that claim, from enforcing or attempting to enforce any security

5    interest or other interest in the Plaintiff's property in connection with that claim,

6    or from enforcing or executing on any judgment against the Plaintiff on that

7    claim pursuant to Civ. Code § 1798.92(c)(3);

8    (h)    Actual damages, attorney's fees, and costs, and any equitable relief that

9    the court deems appropriate pursuant to Civ. Code § 1798.92(c)(5);

10   (i)    A civil penalty, in addition to any other damages, of thirty thousand dollars

11   ($30,000) pursuant to Civ. Code § 1798.92(c)(6); and

12   (j)    For such other and further relief as the Court may deem just and proper.

13

14

15   Date:  September 19, 2017                    _____Jeremy S. Golden_____

16                                                           Jeremy S. Golden
                                                             Attorney for Plaintiff
17

18

19

20                                    **DEMAND FOR JURY TRIAL**

21        Please take notice that Plaintiff demands trial by jury in this action.

22

23

24   Date:  September 19, 2017                    _____Jeremy S. Golden_____

                                                             Jeremy S. Golden
25                                                           Attorney for Plaintiff

26

27

28